# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED MY FUNDS, LLC, § | |
| *Plaintiff/ Counter-Defendant*, § | |
| § | Civil Action No. 4:19-CV-00373 |
| v. § | Judge Mazzant |
| § | |
| CHANDANA PERERA, § | |
| HISHAM MUBAIDIN, § | |
| MICHAEL R. MCCULLOUGH, § | |
| CLICK MART, INC., § | |
| YASER AL-SHAYEF, AND § | |
| WAIL AL-SHAYEF, § | |
| *Defendants*. § | |
| § | |
| HISHAM MUBAIDIN § | |
| *Defendant/ Counter-Plaintiff*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Counter-Defendant United My Funds, LLC's Motion to Dismiss Counter-Plaintiff Hisham Mubaidin's Original Counterclaim (Dkt. #32). Having considered the motion and the relevant pleadings, the Court finds that Counter-Defendant's Motion is **DENIED**.

### BACKGROUND

This case arises from a dispute regarding a lease of three convenience stores located in New Mexico ("the New Mexico Properties" or "the Properties") allegedly owned by Plaintiff United My Funds, LLC ("United My Funds") (Dkt. #1). The story goes that James Yoo, president and owner of United My Funds, formed another business called Unitex Fuel, LLC ("Unitex"), a Texas company, in February 2017. Yoo formed the company with Defendants Chandana Perera, a Kansas resident, and Hisham Mubaidin ("Mubaidin"), a Florida resident (collectively "the

Unitex Defendants"). Unitex was in the business of supplying fuel to gas stations and convenience stores.

The relationship between Yoo and the Unitex Defendants began to break down when the Unitex Defendants approached Defendants Yaser Al-Shayef ("Y. Al-Shayef"), and Wail Al-Shayef ("W. Al-Shayef"). Y. Al-Sahyef, a New Mexico resident, was the president of Defendant Click Mart, Inc., ("Click Mart"). W. Al-Shayef, a New Mexico resident, was intimately involved in the business operations with Click Mart. The Unitex Defendants met with the Click Mart Defendants[1] in Dallas, Texas to discuss a possible lease, with an option to purchase, the New Mexico Properties without Plaintiff's knowledge or consent. The Unitex Defendants made representations that the New Mexico Properties were owned by Unitex, that they had the right to lease and sell the Properties, and that Yoo was merely an investor in Unitex. Either during that meeting or sometime thereafter, these discussions resulted in an agreement for Unitex to lease the New Mexico Properties to Click Mart with the option to purchase the Properties ("the Lease Agreement"). The Lease Agreement also contained provisions about personal property, namely inventory. Plaintiff asserts that "[n]either [] Perera, [] Mubaidin, nor Unitex [] has any interest in the" New Mexico Properties and that the Lease Agreement ran contrary to Plaintiff's ownership interest in the Properties. (Dkt. #8 ¶ 22).

After entering into the Lease Agreement, W. Al-Shayef issued two checks in the amount of $52,244.00 and $25.000.00 to Unitex, on behalf of Click Mart, pursuant to the Lease Agreement. It is also alleged that there were two additional wire transfers of $25,000.00 and $20,000.00 to Defendant and Movant Michael R. McCullough, on behalf of Click Mart, pursuant to the Lease Agreement. McCullough is alleged to be a business partner or friend of the Unitex Defendants.

---

[1] The Court refers to A. Al-Shayef, W. Al-Shayef, and Click Mart collectively as the Click Mart Defendants.

The wire transfers are alleged to be made by Jonesville Associates Inc. and Al Group, Inc., which are both run by "a business partner, family, or friend of W. Al-Shayef." (Dkt. #8 ¶ 25–26).

Based on these allegations, Plaintiff filed suit against the Unitex Defendants, the Click Mart Defendants, and McCullough (collectively "Defendants") in the District Court for Collin County, Texas on April 22, 2019 (Dkt. #2 at p. 1). Plaintiff asserted that Defendants were "involve[d] [in] an elaborate scheme" to defraud Plaintiff of its rights to be the owner of real property and personal property. (Dkt. #2 at p. 1). Defendants removed the case based on diversity of citizenship to the Eastern District of Texas[2] (Dkt. #1). After the Court issued its order and advisory, Plaintiff filed an amended complaint on June 10, 2019 (Dkt. #8).

On September 9, 2019, Mubaidin, individually and derivatively on behalf of Unitex, filed an action in Texas state court (Dkt. #32). In his Petition, Mubaidin alleged that James Yoo convinced Mubaidin to form Unitex, procure a fuel wholesale distribution agreement with Sunoco LP, and then use Unitex to purchase multiple convenience stores throughout Texas and New Mexico (Dkt. #32, Exhibit 1). Mubaidin continued by alleging that:

> shortly after acquiring the New Mexico and Texas stores, Yoo assigned the stores for no consideration to his solely owned entity, Defendant United My Funds, under the promise that the stores would later be transferred back to Unitex. With effective control over Unitex, Yoo then proceeded to use Unitex to supply fuel to the stores, operate the stores, and fund improvements to the stores. Yoo then distributed all of the revenue from the stores to United My Funds at the expense of Unitex. Yoo is now attempting to sell the stores for a large profit. Mubaidin, on behalf of himself and Unitex, thus brings the instant suit to adequately compensate himself and Unitex and prevent further deprivation of Unitex's property.

(Dkt. #32, Exhibit 1). Because of such alleged conduct, Mubaidin brought a claim for breach of fiduciary duty, statutory fraud, money had and received, and declaratory judgment (Dkt. #32,

---

[2] Plaintiff initially listed Defendant Chandana Perera as a resident of Frisco, Texas. However, in their notice of removal, Defendants corrected this information, identifying that Perera's residency was in Kansas thereby, creating complete diversity.

Exhibit 1). The money had and received claim arose due to United My Funds' alleged "assignment of certain convenient stores in New Mexico from Unitex Fuel and the supposed distribution Unitex Fuel is due from a subsequent sale of the store/stores" (Dkt. #32).[3] "[T]he Texas state court proceeding was [eventually] consolidated with another action involving the parties, styled and numbered, *United My Funds et al v. Mubaidin et al*, DC-19-10070" (hereinafter "Consolidated State Court Proceeding") (Dkt. #32). The Consolidated State Court Proceeding concerns:

> (1) Plaintiffs/ Counter-Defendants: James Yoo, individually and derivatively on behalf of Unitex Fuel, and United My Funds;
>
> (2) Defendants: Chandana Perera, Hisham Mubaidin, Karim Rashid, Diamond Jubilee, New Mexico, Inc., Diamond Jubilee, NM2, Inc., Diamond Jubilee, NM3, Inc., Unitex Petroleum and Properties, LLC, and Elite Petroleum, LLC;
>
> (3) Counter-Plaintiffs: Hisham Mubaidin, individually and derivatively on behalf of Unitex Fuel, LLC; and
>
> (4) Nominal Defendant: Unitex Fuel, LLC.

(Dkt. #35, Exhibit 1). At the time the present Motion was filed, which will be discussed in further detail below, the allegations and claims raised in Mubaidin's Petition were still live and pending (Dkt. #32).

On October 17, 2019, Mubaidin filed his counterclaim with this Court alleging money had and received. This claim was predicated upon United My Funds' alleged assignment of "certain convenient stores in New Mexico from Unitex Fuel to United My Funds and the supposed distribution Mubaidin claims he is due as a member of Unitex Fuel . . . ." (Dkt. #32).

On November 6, 2019, United My Funds filed Counter-Defendant United My Funds, LLC's Motion to Dismiss Counter-Plaintiff Hisham Mubaidin's Original Counterclaim (Dkt. #32). Citing the *Colorado River* abstention doctrine, United My Funds argues that this case presents the

---

[3] That case was filed in the 162nd Civil District Court of Dallas County, Texas as *Hisham Mubaidin, et al v. United My Funds et al*, DC-19-14218.

4

requisite "extraordinary circumstance" necessary for the Court to abstain from asserting jurisdiction over Mubaidin's counterclaim (Dkt. #32).

On November 20, 2019, Mubaidin filed Defendant Hisham Mubaidin's Response to United My Funds, LLC's Motion to Dismiss (Dkt. #35). In his Response, Mubaidin avers that no "parallel claims" exist because Mubaidin "nonsuited the money had and received claims he brought in the state court proceeding . . . rendering United My Fund[s'] *Colorado River* abstention arguments moot" (Dkt. #35). Mubaidin also argues, in the alternative, that the two proceedings involve different parties and different issues such that the case presents no "exceptional circumstances" (Dkt. #35).

On November 27, 2019, United My Funds filed Counter-Defendant United My Funds, LLC's Reply to Response to Motion Dismiss Counter-Plaintiff Hisham Mubaidin's Original Counterclaim (Dkt. #37). United My Funds maintains that "[e]ven though Mubaidin dropped his money had and received claim, the Texas State Court Proceeding and the present federal action remain parallel involving substantially the same parties and the same issues" (Dkt. #37).

Finally, on December 5, 2019, Mubaidin filed Defendant Hisham Mubaidin's Sur-Reply to United My Funds, LLC's Motion to Dismiss (Dkt. #38).

## LEGAL STANDARD

The *Colorado River* doctrine allows a court to abstain from exercising jurisdiction over federal claims under "exceptional circumstances." *Brown v. Pacific Life. Ins. Co.*, 462 F.3d 384, 394 (5th Cir. 2006). The existence of the following six (6) factors determine whether "exceptional circumstances" exist:

> (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and

5

(6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction

*Id.* at 395. The decision to abstain must be based on a careful balancing of important factors as they apply to a case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* Additionally, the doctrine only applies when there are parallel proceedings pending in federal and state court. *Id.* at 395 n.7. Proceedings are considered parallel if they "involve the same parties and the same issues." *Id.* It is not necessary that there be "a mincing insistence on precise identity of parties and issues." *Id.* The *Colorado River* test "should be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988).

## ANALYSIS

United My Funds moves to dismiss Mubaidin's counterclaim citing the *Colorado River* abstention doctrine. The Court first addresses whether there are parallel actions and holds that there are not. Finding that there are not parallel actions, the Court nonetheless considers the *Colorado River* factors and finds that even if there were parallel actions, abstention would not be appropriate.

I. Parallel Proceedings

Federal district courts have a "'virtual unflagging obligation . . . to exercise the jurisdiction given to them.'" *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). As such, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* A federal court may, however, abstain if a parallel proceeding presents "extraordinary and narrow" circumstances. *Id.* at 813.

Proceedings are considered to be parallel if they "involv[e] the same parties and the same issues." *Brown*, 462 F.3d at 395 n.7 (quoting *RepublicBank Dall., Nat'l Ass'n v. McIntosh*, 828 F.3d 1120, 1121 (5th Cir. 1987)) (alteration in original). However, "'it may be that there need not be applied in every instance a mincing insistence on precise identity' of parties and issues." *Id.* (quoting *RepublicBank*, 828 F.3d at 1121). Some courts have held that cases are still parallel if they involve "'substantially the same parties' litigating 'substantially the same issues.'" *Alpert v. Riley*, 2011 WL 801978, at *12 (S.D. Tex. Dec. 10, 2011) (citing *Tyrer v. City of S. Beloit, III.*, 456 F.3d 744, 752 (7th Cir. 2006); *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000); *Allen v. Bd. of Educ., United Sch. Dist. 436*, 68 F.3d 401, 402 (10th Cir. 1995)). As a guiding principle, certain courts ask "whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (citing *TruServ v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005); *Rowley v. Wilson*, No. 05–30189, 2006 WL 2233221, at *1 (5th Cir. Aug. 4, 2006) (unpublished opinion) (holding that suits were not parallel for *Colorado River* abstention purposes because some defendants that were in the federal case were not present in the state suit, and the plaintiff asserted claims against those defendants in the federal suit, which were not asserted in the state suit)).

United My Funds argues that Mubaidins' federal counterclaim is parallel with the Consolidated State Court Proceeding because both cases involve substantially the same parties and arise from a dispute over the same funds. Mubaidin retorts that the proceedings are not parallel given his decision to nonsuit the money had and received claim in the Consolidated State Court Proceeding. In the Consolidated State Court Proceeding, Mubaidin, both individually and derivatively on behalf of Unitex Fuel, alleges that James Yoo, individually, and/or United My Funds: (1) breached a fiduciary duty to Unitex; (2) improperly and fraudulently assigned certain

7

convenience stores; and (3) made false representations that the stores would be held in trust until Yoo procured financing or the properties were sold. In this case, Mubaidin brings one counterclaim: Money Had and Received. More specifically, Mubaidin alleges that United My Funds holds money from the sale of New Mexico stores which belongs to Mubaidin "in equity and good conscience" (Dkt. #31). United My Funds argues that because Mubaidin's money had and received claim purportedly requires Mubaidin to prove his membership interest in Unitex Fuel and any alleged promise between United My Funds/Yoo and Unitex Fuel, there is a substantial likelihood that the Consolidated State Court Proceeding will dispose of all claims presented in the federal action. Mubaidin retorts that his counterclaim is one of equity; thus, the Court is not required to find that he was a member of Unitex to award him funds that rightfully belong to him.

This case is not parallel to the Consolidated State Court Proceeding. First, "[w]hile some of the parties are the same and some of the issue are the same, some are not." *Liverpool FC America Marketing Group, Inc. v. Red Slopes Soccer Foundation*, 2018 WL 2298388, at *4 (E.D. Tex. May 21, 2018) (citing *Rowley*, 2006 WL 2233221, at *1). The two actions here only involve three similar parties: United My Funds, Chandana Perera, and Hisham Mubaidin. "There are several other defendants to the federal action[:]" namely, Michael R. McCullough, Click Mart, Inc., Yaser Al-Shayef, and Wail Al-Shayef. *Id.* Meanwhile, the Consolidated State Court Proceeding concerns several plaintiffs/ counter-defendants, counter-plaintiffs, and nominal defendants not present in the federal action: namely, James Yoo, Unitex Fuel, Karim Rashid, Diamond Jubilee, New Mexico, Inc., Diamond Jubilee, NM2, Inc., Diamond Jubilee, NM3, Inc., Unitex Petroleum and Properties, LLC, and Elite Petroleum, LLC. Furthermore, "even though the two lawsuits are based [in part] on the same basic factual allegations—[i.e., the proceeds from the sale of the New Mexico stores]—the issues are not exactly the same." *Id.*

8

In the Consolidated State Court Proceeding, Mubaidin grounds his claims in his former ownership of Unitex; on the contrary, in the proceeding before this Court, Mubaidin grounds his claims in a promise between himself and Yoo. While United My Funds may claim that the two proceedings essentially grant Mubaidin "two bites at the same apple," because Mubaidin's "personal" claim is purportedly grounded in his "membership" in Unitex, such argument is misguided. Unlike the Consolidated State Court Proceeding, which no longer has a money had and received claim, the money had and received claim before the Court is based in equity. Consequently, the Court, irrespective of Mubaidin's membership in Unitex, may award Mubaidin money which rightfully belongs to him.[4] *See Midwestern Cattle Marketing, L.L.C. v. Legend Bank, N. A.*, 2020 WL 1042246, at *6 (5th Cir. Mar. 3, 2020) (unpublished opinion) (stating that the "money had and received claim is 'less restricted and fettered by technical rules and formalities than any other form of action'") (citing *Staats v. Miller*, 150 Tex. 581, 243 S.W.2d 686, 687 (1951)); *see also Villarreal v. First Presidio Bank*, 283 F. Supp. 3d 548, 557 (W.D. Tex. 2017) ("[A]ll that a 'plaintiff need show [to prove a claim for money had and received] is that defendant holds money which in equity and good conscience belongs to him.'") (citing *Staats*, 243 S.W.2d at 687). Moreover, Mubaidin rightfully states that even if he "successfully proves both that Unitex is entitled to the proceeds and that he is a member of Unitex [in the Consolidated State Court Proceeding], to prevail here, he still must prove that an express contract does not cover the dispute and that he acted with good faith and ordinary care" (Dkt. #38) (citing *Fortune Prod. V. Conoco, Inc.*, 52 S.W.3d 160, 162 (Tex. 2007) (stating that an express contract is a defense to a money had and received claim); *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 163 (Tex. 2000) (stating that a money had and received claimant must have clean hands to prevail on a claim)). Further, even if

---

[4] While Mubaidin's lack of membership in Unitex may affect the Court's judgment, it would not *preclude* a judgment favorable to Mubaidin. *See Midwestern Cattle Marketing*, 2020 WL 1042246, at *6.

the Consolidated State Court Proceeding resulted in a verdict favorable to Unitex, such verdict would not address whether Mubaidin is personally entitled to the disputed funds; rather, it can only address whether Unitex is entitled to said funds. Therefore, there would be no duplicative award as the allegations concern two separate parties.

As such, there is not a substantial likelihood that the state litigation would dispose of the claims presented in this case. *See Alpert*, 2011 WL 801978, at *12. Accordingly, the Court finds that this case is not parallel to the Consolidated State Court Proceeding. *See id.*

II. *Colorado River* Factors

Even if the Court found that this case was parallel to the Consolidated State Court Proceeding, the Court finds that the *Colorado River* factors weigh against abstention in this case. Defendants argue that the *Colorado River* factors require the Court to dismiss Mubaidin's counterclaim. Mubaidin responds that it is only in exceptional circumstances the Court should abstain from exercising jurisdiction, and this is not one of those cases after a balance of the factors. The Court addresses each factor in turn.

a. Assumption by Either Court of Jurisdiction Over a *Res*

This case does not involve any *res* or property for any court, state or federal, to take control over. To be sure, United My Funds concedes that "Mubaidin's counterclaim and Texas State Court Petition pending in the Consolidated Texas State Court Proceeding involve *in personam* actions" (Dkt. #32 at p. 5 n.2). "The absence of this factor is not [] a 'neutral item, of no weight in the scales.' Rather, the absence of this first factor weighs against abstention." *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)). Thus, the Court construes this factor as disfavoring abstention.

b. Relative Inconvenience of the Fora

The parties disagree as to whether this factor favors or disfavors abstention. The Consolidated State Court Proceeding is in Dallas County and the federal proceeding is in the Eastern District of Texas, Sherman Division. United My Funds maintains that the Consolidated State Court Proceeding is more convenient because "the underlying allegations are linked with Yoo and Unitex Fuel who are not parties to the suit before this Court" (Dkt. #32). Mubaidin retorts, albeit, in a short footnote, that this factor neither favors nor disfavors abstention here; in other words, Mubaidin argues that this factor is, at best, neutral. The Court agrees with Mubaidin.

The Fifth Circuit has "explained that this factor 'primarily involves the physical proximity of [each] forum to the evidence and witnesses.'" *African Methodist Episcopal Church v. Lucien*, 756 F.2d 788, 800 (5th Cir. 2014) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). While United My Funds may aver that matters might be simpler if potential witnesses were parties to this matter, that is not the inquiry before the Court. Neither party has claimed, nor could they, that the difference between Sherman, Texas and Dallas County rises to the level of inconvenience that would persuade the Court to consider abstention.[5] To be sure, the Court, in *Stonecoat of Texas, LLC v. Procal Stone Design, LLC*, 2018 WL 324446, at *7 (E.D. Tex. Jan. 8, 2018), dealt with a similar matter and stated:

> Again, the parties agree that this factor is inapplicable because the state court actions are in Dallas County and Collin County and the federal court action is in the Eastern District of Texas, Sherman Division. As such, Defendants aver that this factor is neutral. However, the inapplicability of this factor does not render it neutral. *Id.* (citing *Evanston*, 844 F.2d at 1191). Indeed, "its absence weighs against abstention." *Id.* (citing *Evanston*, 844 F.2d at 1191).

---

[5] The Court notes that the record is void of any of the addresses of the potential witnesses whom United My Funds relies upon for its argument.

11

While the parties there, unlike here, rightfully admitted that this factor did not favor abstention, the basic premise—that the difference between Sherman, Texas and Dallas County simply is not an inconvenient difference—holds true. Like in *Lucien*, any "inconvenience" that the parties or their witnesses might have in driving to Sherman is "minor compared to the 300–mile distance found 'significant' in *Colorado River,* a case involving over one thousand defendants." *Id.* (citing *Colo. River*, 424 U.S. at 820). These premises considered, the Court finds that this factor does not favor abstention.

      c.      The Avoidance of Piecemeal Litigation

"The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Lucien*, 756 F.2d at 800 (emphasis in original). United My Funds is concerned with duplicative litigation. "However, duplicative litigation is not a factor to be considered under *Colorado River*. This third factor is concerned with potential 'inconsistent dispositions of property' when multiple parties make claims in separate lawsuits to a single *res* or underlying property." *Stonecoat of Texas*, 2018 WL 324446, at *7 (citing *Colo. River*, 424 U.S. at 819). While the Court recognizes that there are a variety of issues concerning this overarching matter that will be redressed by both this Court and the Consolidated State Court Proceeding, such reality is partially a byproduct of United My Funds' decision to institute proceedings in both courts. Indeed, United My Funds is not free from blame for the present situation. As such, United My Funds cannot pursue claims in both courts and then preclude Mubaidin from nonsuiting his counterclaim in the Consolidated State Court Proceeding and pursuing it here. As previously addressed, the Court is not concerned that there will be duplicative damage awards as the Consolidated State Court Proceeding concerns Unitex—and does not contain a claim for money

had and received. Meanwhile the proceeding before this Court concerns Mubaidin, individually, and is an equitable matter which does not necessarily depend upon the outcome of the Consolidated State Court Proceedings. Therefore, this factor also weighs against abstention.

      d.      The Order in Which Jurisdiction Was Obtained by the Concurrent Fora

"The priority element of the *Colorado River/Moses H. Cone*[6] balance 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Stonecoat of Texas*, 2018 WL 324446, at *7 (citing *Murphy*, 168 F.3d at 738) (quoting *Evanston*, 844 F.3d at 1190). Here, the federal action was originally filed in state court in Collin County, Texas on April 22, 2019. The action was then removed to the Court on May 17, 2019. Mubaidin filed his counterclaim with the Court on October 17, 2019. The relevant portion of the Consolidated State Court Proceeding was filed on September 9, 2019. United My Funds avers that even though the federal proceeding was filed well before the Consolidated State Court Proceeding, the fact that Mubaidin filed his counterclaim in federal court after he filed his Petition in state court should lead the Court to conclude that this factor favors abstention. The Court disagrees.

United My Funds provides the Court with no authority supporting its position that the timing of the filing of a counterclaim, relative to the filing of a concurrent suit, should affect the Court's judgment. Thus, the Court treats such argument as merely support for United My Funds general argument that the Consolidated State Court Proceeding has progressed further than the proceeding before the Court. The Court finds that that the federal proceedings have progressed further. The federal proceeding was instituted first, the Final Pretrial Conference is set for March 31, 2020, both parties have filed their Motions *in Limine*, and the Court has entered an Agreed

---

[6] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

Protective Order governing the matter. Further, discovery is ongoing, and the Court has instituted a deadline for mediation of May 1, 2020. On the contrary, the trial date for the Consolidated State Court Proceeding is purportedly later—United My Funds does not contradict that assertion—an Original Answer was only filed as of October 30, 2019, discovery is ongoing and no deadline has been provided to the Court, and an Amended Petition was filed on November 20, 2019. The parties have provided no other dates or progress points the Court can consider. As such, the Court concludes that the proceedings in federal court are further along and this factor weighs against abstention.

      e.      Extent Federal Law Provides the Rules of Decision on the Merits

"The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Red Slopes Soccer Foundation*, 2018 WL 2298388, at *9 (citing *Murphy*, 168 F.3d at 738) (quoting *Evanston*, 844 F.2d at 1193)). There are no federal claims present in this action. This factor accordingly weighs in favor of abstention.

      f.      The Adequacy of the State Proceeding in Protecting the Rights of the Party Asserting Jurisdiction

United My Funds argues that the Texas state court is adequate to resolve the present disputes. Such argument, however, was made prior to Mubaidin nonsuiting his money had and received claim. United My Funds has provided no further argument as to the adequacy of the Consolidated State Court Proceeding at this time.

The adequacy of a state court's proceedings does not depend on whether a state court has the ability to decide an issue. Rather, the Supreme Court has held that:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Moses H. Cone*, 460 U.S. at 28. As such, the question is whether there would be anything left for the Court to do substantively after the resolution of the two state court suits. *See id.* The Court already discussed a similar question when determining whether the state court actions were parallel with the federal court action. *See supra* Part 1. Therefore, there is more for the Court to do to resolve a substantive part of the case, and this factor weighs against abstention. *See id.*

  g.  Balance of the Factors

It is appropriate for a federal court to abstain from exercising its jurisdiction only in "extraordinary and narrow" circumstances. *Colo. River*, 424 U.S. at 813. The Court uses the *Colorado River* factors not as a "mechanical checklist" but carefully balancing them "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Murphy*, 168 F.3d at 738 (quoting *Moses H. Cone*, 460 U.S. at 16). While the Court acknowledges that one factor weighs in favor of abstention, five out of the six factors weigh against abstention. This case does not present the "extraordinary and narrow" circumstances, which warrant an abstention from jurisdiction. *See Engenium Sols., Inc. v. Carr*, 2012 WL 8432678, at *10 (S.D. Tex. Sept. 28, 2012). United My Funds' Motion is therefore denied.

## CONCLUSION

It is therefore **ORDERED** that Counter-Defendant United My Funds, LLC's Motion to Dismiss Counter-Plaintiff Hisham Mubaidin's Original Counterclaim (Dkt. #32) is hereby **DENIED**.

SIGNED this 11th day of March, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

15