# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED MY FUNDS, LLC, § | |
|     *Plaintiff/ Counter-Defendant*, § | |
| § | Civil Action No.  4:19-CV-00373 |
| v. § | Judge Mazzant |
| § | |
| CHANDANA PERERA, § | |
| HISHAM MUBAIDIN, § | |
|     *Defendants*. § | |
| § | |
| HISHAM MUBAIDIN § | |
|     *Defendant/ Counter-Plaintiff*. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is United My Funds, LLC's Motion *in Limine* (Dkt. #62).  Having considered the motion and the relevant pleadings, the Court finds that the evidence should be admitted in accordance with Rule 608(b).  United My Funds, LLC's Motion is therefore **DENIED**.

Pursuant to Federal Rule of Evidence 608(b):

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> **(1)** the witness; or
>
> **(2)** another witness whose character the witness being cross-examined has testified about.

Cross-examination that would otherwise be permissible under Rule 608(b) may be precluded under Rule 403 which states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403.

United My Funds wishes to preclude the introduction of any evidence of the Texas Department of Banking's Consent Order Prohibiting Further Participation Against Dong Sik Yoo A/K/A Jimmy Yoo ("Yoo"). Yoo is the sole owner of United My Funds. United My Funds claims that any prior disciplinary history against Yoo is, among other things, hearsay or irrelevant. A statement is hearsay if the declarant makes the statement out of court and the party offering it into evidence is using it to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c). The Court agrees with United My Funds that the Consent Order itself is hearsay. The Consent Order is akin to a summary of out of court allegations made against Yoo. The Fifth Circuit held in *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) that such allegations in previous proceedings are generally hearsay. This Consent Order is no different. Further, the Consent Order does not fall under the admission against interest exception to hearsay. Yoo only signed the Consent Order as to form, not substance. *See United States ex rel Fisher v. Ocwen Loan Servicing, LLC*, 2016 WL 2997120, at *5 (E.D. Tex. May 24, 2016) (citing FED. R. EVID. 801(d)(2)). Because Yoo did not admit to the substantive allegations in the Consent Order, the Consent Order does not fall within the ambit of Rule 801(d)(2). The Court does not agree, however, that this finding necessitates the outright exclusion of the facts surrounding the Consent Order.

While the Consent Order cannot be introduced as evidence in the case, the facts underlying the Order may be used to impeach the general character of Yoo for truthfulness. Under Federal Rule of Evidence 608(b), specific instances of a witness's conduct may be inquired into "if they are probative of the character for truthfulness or untruthfulness of the witness." Those specific instances may be drawn out of documents or evidence that are otherwise inadmissible. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 28 FEDERAL PRACTICE & PROCEDURE EVIDENCE § 6117 (2d ed. 2020) (citing *U.S. v. Whitmore*, 359 F.3d 609, 622 (D.C. Cir. 2004)). This means that

Defendants may inquire into Yoo's past in an effort to undermine his credibility and veracity. Defendants may not, however, introduce the Consent Order as extrinsic evidence to impeach Yoo. *See U.S. v. Jensen*, 41 F.3d 946, 958 (5th Cir. 1994). Rule 403 does not change the Court's analysis. While impeaching Yoo with the underlying facts of this Consent Order, and even the Consent Order's existence, will result in some degree of prejudice, that prejudice does not substantially outweigh the probative value of this evidence. *See* FED. R. EVID. 403. If United My Funds wishes to rely on the testimony of Yoo, it must accept that the jury may question Yoo's credibility. United My Funds' final argument is accordingly unavailing.

The Court finds, in its discretion, that Defense Counsel may attempt to impeach Yoo on cross-examination by inquiring into the Consent Order and the facts underlying the same. Under Rule 608, the scope of said impeachment is limited to questioning. Defense Counsel may ask Yoo questions pertaining to whether a Consent Order exists against him, the facts underlying that Order, and the like. If Yoo responds that no Consent Order exists, that is the end of the matter. *See U.S. v. Herzberg*, 558 F.2d 1219, 1222 (5th Cir. 1977); *see also U.S. v. Moore*, 27 F.3d 969, 975 (4th Cir. 1994) ("A cross examiner may inquire into specific incidents of conduct, but does so at the peril of not being able to rebut the witness' denials."). No extrinsic evidence may be introduced to further impeach him. *See* FED. R. EVID. 608. If Yoo admits to his conduct, Defense Counsel may follow-up with further questions, but, again, Defense Counsel may at no time offer extrinsic evidence. *See id.* The Court will consider Rule 403 for each subsequent question Defense Counsel asks Yoo as well as Rule 611 to prevent harassment and/or undue embarrassment.

It is therefore **ORDERED** that United My Funds, LLC's Motion *in Limine* (Dkt. #62) is **DENIED**.

**SIGNED this 2nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE